UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:10-CR-00100-T30-MAP

EDGARDO EUDORO EVERETH OCAMPO
_____/

SENTENCING MEMORANDUM OF THE DEFENDANT, EDGARDO
EUDORO EVERETH OCAMPO

The Defendant, EDGARDO EUDORO EVERETH OCAMPO, by and through

his undersigned counsel, hereby submits the following memorandum of fact and law

for consideration by the Court at sentencing:

    I.    The Court should apply USSG Section 2D1.1(11), as Mr. Ocampo meets

the qualifications under the guideline section for a two-level reduction in his offense

level.

        Under Section 2D1.1(11) of the United States Sentencing Guidelines (USSG),

Mr. Ocampo is entitled to a two-level reduction in his offense level if he can

demonstrate that he "meets the criteria set forth in subdivisions (1)-(5) of subsection

(a) of Section 5C1.2" of the USSG. **USSG** Sec. 2D1.1(11). Section 5C1.2 of the

USSG provides the following five criteria:

    1.    Mr. Ocampo must have one criminal history point or less.

2.   Mr. Ocampo did not use or threaten violence and did not possess a firearm or other dangerous weapon in connection with the offense.

3.   No death or serious bodily injury resulted from the offense.

4.   Mr. Ocampo was not a leader, organizer, or supervisor of others and was not engaged in a statutory "continuing criminal enterprise".

5.   Before sentencing, Mr. Ocampo must truthfully disclose all of the information and evidence he has regarding the offense.

**USSG** Sec. 5C1.2 (1)-(5).

In this case, the presentence report discloses that Mr. Ocampo has zero criminal history points, so Mr. Ocampo satisfies condition (1). Also, the facts of the case disclose that there was no violence, threats of violence, use of weapons, or death or serious bodily injury, so conditions (2) and (3) are satisfied as well. Further, the testimony at trial revealed that Mr. Ocampo was not a leader/organizer, and the testimony at trial did not reveal the existence of a statutory criminal enterprise, so condition (4) is met. Finally, Mr. Ocampo participated in a safety valve interview on October 1, 2010, where he truthfully disclosed all of the information and evidence he had regarding the offense. With this, Mr. Ocampo met condition (5) and is eligible to receive a two level reduction in his offense level. As such, Mr. Ocampo's revised offense level would be 36 with a criminal history category of I, which produces a guidelines range of 188-235 months.

<u>Conclusion</u>

For the reasons previously stated, Mr. Ocampo should receive a two level reduction on his offense level, pursuant to USSG Section 2D1.1(11).

CERTIFICATE OF SERVICE

I certify that, on October 14, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Kathy J. M. Peluso, Esq., Assistant United States Attorney.

<u>/s/Christopher Desrochers</u>
Christopher Desrochers
Christopher A. Desrochers, P.L.
2504 Ave. G NW
Winter Haven, FL  33880
(863) 299-8309
Fax:(863) 229-2839
Fla. Bar #0948977
cadlawfirm@hotmail.com
Appointed Counsel for Defendant.